UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Pastor Victor S. Couzens, et al., | : | Case No. 1:20-cv-0546 |
| Plaintiffs, | : | Judge Michael R. Barrett |
| v. | : | |
| City of Forest Park, OH, et al., | : | |
| Defendants. | : | |

## **OPINION & ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants Alandes Powell and Martin Jones. (Doc. 15). Plaintiffs Pastor Victor S. Couzens and Inspirational Bible Church filed a Response in Opposition (Doc. 16), and Defendants Powell and Jones filed a Reply (Doc. 18).[1]

### I. BACKGROUND[2]

Plaintiff Couzens is an ordained clergyman who Plaintiff Inspirational Baptist Church ("IBC") employs as its Senior Pastor and spiritual leader of its congregation. Plaintiff IBC is a non-for-profit corporation that operates a religious congregation, or church, in Forest Park, Ohio.

---

[1] Defendants Powell's and Jones's Motion to Dismiss and Reply were both filed out of time and without an agreed stipulation or motion for leave to do so. *See* S.D. Ohio Civ. R. 6.1, 7.2; *compare* (Docs. 11, 12), *with* (Doc. 15); *compare* (Doc. 16), *with* (Doc. 18). Nevertheless, and as Plaintiffs do not take issue with the timeliness of these two filings, the Court deems the Motion to Dismiss and Reply as timely filed.

[2] The Court takes this background section largely from Plaintiffs' Complaint (Doc. 1), and construes the facts herein in the light most favorable Plaintiffs, the non-movants, *see Scott v. Harris*, 550 U.S. 372, 378 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Defendant City of Forest Park, Ohio is a city and political subdivision located in Hamilton, County Ohio. Defendant Colonel William Arns is the Chief of Police of the City of Forest Park. Defendants Rebecca Eavers, Corey Hall, and Vada Harris are police officers employed by the Forest Park Police Department. Defendants Powell and Jones are members of Plaintiff IBC and purport to hold a position of leadership at the church as designated Elders of the church who act in accordance with the directive of the church's voting congregation.[3]

Plaintiff IBC hired Plaintiff Couzens on or about June 2, 2000 to lead the church as its spiritual leader. Plaintiffs allege that, sometime prior to December 27, 2019, Defendants Powell and Jones took it upon themselves to divest Plaintiff Couzens of his position in the church by interfering with and terminating his contractual relationship with Plaintiff IBC. In particular, Plaintiffs allege that Defendants Powell and Jones conspired to develop a scheme by which they attempted to alienate Plaintiff Couzens from the church, by among other things, arranging an ultra vires meeting of selected members of the church to vote Plaintiff Couzens out of his position and formally terminate his employment relationship with Plaintiff IBC. Plaintiffs assert that Defendants Powell and Jones did not have any authority under Plaintiff IBC's bylaws to call the election and falsely asserted Defendants Powell and Jones had obtained the requisite number and percentage of votes at the meeting to divest Plaintiff Couzens's position with the church.

On or about February 6, 2020, Defendants Powell and Jones forwarded a letter to Plaintiff Couzens informing him that, as a result of the vote of the congregation, his employment relationship with Plaintiff IBC had ended. Plaintiffs assert that Defendants

---

[3] Defendants Powell and Jones filed the Motion to Dismiss; the five Forest Park Defendants did not so file.

Powell and Jones provided the Forest Park Police Department with the that letter to serve as evidence that Plaintiff Couzens had been terminated. Plaintiffs allege that, as a result of Defendants Powell's and Jones's efforts to work in concert and collaboration with the police department, Defendant City of Forest Park, Ohio assigned an off-duty police detail consisting of Defendants Eavers, Hall, and Harris to accompany Defendants Powell and Jones to Plaintiff IBC on February 9, 2020. Plaintiffs assert that, before doing so, none of the Forest Park Defendants sought or obtained a warrant establishing probable cause for the search of Plaintiff IBC or the arrest of Plaintiff Couzens.

When Defendants Eavers, Hall, and Harris arrived at the Plaintiff IBC on February 9, 2020, they were dressed in their official police uniforms. Plaintiffs allege that Defendants Eavers, Hall, and Harris, at the direction of Defendants Powell and Jones, arranged for the locks of Plaintiff IBC to be changed to prevent Plaintiff Couzens' entry; restricted Plaintiff Couzens's entrance and exit to the front entrance of the church and subsequently did not allow him to access any of the private areas of the church, including his office; ordered the church's sound engineer to cut Plaintiff Couzens's microphone when he began speaking to the congregation; and threatened to arrest Plaintiff Couzens if he did not leave the pulpit because he was trespassing on Plaintiff IBC's property.

Plaintiffs further allege that, when Plaintiff Couzens questioned under what authority Defendants Eavers, Hall, and Harris were acting, they told Plaintiff Couzens that the police department had received documentation that he was not to be permitted on church grounds and that the officers had been vested with lawful authority to arrest him if he trespassed. Plaintiffs state that Defendants Eavers, Hall, and Harris also informed Plaintiff Couzens that he could either leave Plaintiff IBC voluntarily or would be be

3

dragged away in handcuffs. Plaintiffs allege that Plaintiff Couzens agreed to leave, and asked Defendant Hall if Plaintiff Couzens could quickly explain to the congregation why he would not be leading the services that day. Plaintiffs state that Defendant Hall denied the request. Plaintiffs assert that Defendants Eavers, Hall, and Harris then escorted Plaintiff Couzens from the church.

Plaintiffs bring five claims for relief in this matter: violations of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, and federal and state law civil conspiracy claims. In their Motion to Dismiss, Defendants Powell and Jones argue that "[m]ultiple reasons existed for the termination of [Plaintiff] Couzens,"[4] "[t]here were no violations of the civil rights of either Plaintiff and no civil conspiracy of any kind," this is a contract dispute between Plaintiff Couzens, an at-will-employee, and Plaintiff IBC's voting congregation, and there are no "genuine issues of material facts as to the reason for the attempted removal of [Plaintiff] Couzens as an employee." (Doc. 15 PageID 42, 45); (Doc. 18 PageID 89). Their Motion to Dismiss has seven documents attached to it and their Reply had one document attached to it. Plaintiffs respond that Defendants Powell and Jones fail to demonstrate a lack of genuine issues of fact. (Doc. 16).

II. **ANALYSIS**

The Court will convert Defendants Powell's and Jones's Motion to Dismiss into a motion for summary judgment in light of their reliance on matters outside of the pleadings. *See* FED. R. CIV. P. 12(d). Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the

---

[4] Defendants Powell and Jones cite, inter alia, Plaintiff Couzens's alleged misappropriation of church funds that purportedly resulted in a foreclosure action against Plaintiff IBC.

burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A party asserting that a fact cannot be genuinely disputed must support such an assertion by "citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A). A responding party, who believes that such cited materials "cannot be presented in a form that would be admissible in evidence," may object that a fact is not supported by admissible evidence. FED. R. CIV. P. 56(c)(2).

Plaintiffs object and argue that the documents attached to the Motion to Dismiss are unauthenticated and thus inadmissible. (Doc. 16 PageID 77-78). The Court agrees with respect to the attached documents that are not filings from other judicial proceedings, (Docs. 15-1, 15-2, 15-3, 15-4, 15-7), and the Court will disregard those unauthenticated documents. *See, e.g.*, *Reed v. Procter & Gamble Mfg. Co.*, 556 F. App'x 421, 427 (6th Cir. 2014) (citing *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009)). With respect to the three attachments that are filings from other judicial proceedings, (Docs. 15-5, 15-6, 18-1), the Court notes that "[f]ederal courts may take judicial notice of proceedings in other courts of record" and the Court will do so. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

Defendants Powell and Jones argue that Plaintiff IBC "has no board of trustees" and "lacks legal capacity to institute or conduct any legal proceedings." (Doc. 15 PageID 45). Defendants, however, cite nothing in the record or any legal authority for support. In fact, earlier in their Motion, they state that, "[i]t is believed that the named Plaintiff church herein still lacks the requisite number of trustees required by [] Ohio law and its status to be a 'plaintiff' is questionable" and they, again, cite nothing to support this belief. (*Id.* PageID 44). Accordingly, the Court is not persuaded that summary

judgment in Defendants Powell's and Jones's favor, with respect to any of Plaintiff IBC's claims, is proper.

Defendants Powell and Jones argue, in their unsworn Motion to Dismiss and Reply thereto, that the actions they took with respect to Plaintiff Couzens in late 2019 and early 2020 were to save Plaintiff IBC from financial ruin and foreclosure and not to violate Plaintiff Couzens's civil rights or participate in a conspiracy against him and, thus, there are no genuine issues of material fact regarding the attempt to terminate Plaintiff Couzens and they are entitled to judgment as a matter of law. (Docs. 15, 18). However, after a review of the permissible filings in this matter, the Court finds that genuine issues of material fact exist as to each of Plaintiff Couzens's claims. Defendants Powell and Jones provide alternative theories as to why Plaintiff Couzens was terminated but, at this early juncture, these alternative theories do little more than highlight the existing factual issues. Plaintiff Couzens's allegations in his motion to intervene in the state court foreclosure case against Plaintiff IBC do not persuade this Court otherwise. Defendants Powell and Jones fail to meet their burden under Rule 56 to show that no genuine issues of material fact exist regarding Plaintiff Couzens's claims and then Court holds that they are not entitled to judgment as a matter of law.

III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that the Motion to Dismiss of Defendants Powell and Jones (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

  /s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court